IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION |
| : | NO.  06-650-01 |
| JAMES H. DENNIS, JR. : | |
| a/k/a "JAMES SNOW" : | |
| : | |

## ORDER AND MEMORANDUM

### ORDER

**AND NOW**, this 10th day of June, 2008, upon consideration of defendant's Motion to Reopen Suppression Hearing Based Upon After Discovery [sic] Evidence (Document No. 94, filed January 10, 2008); defendant's Amended Motion to Suppress Evidence (Document No. 104, filed April 4, 2008); and the Government's Memorandum of Law in Opposition to Defendant's Amended Motion to Suppress Evidence (Document No. 108, filed April 23, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that defendant's Motion to Reopen Suppression Hearing Based Upon After Discovery [sic] Evidence and defendant's Amended Motion to Suppress Evidence are **DENIED**.

### MEMORANDUM

I.  BACKGROUND

Defendant James H. Dennis, Jr. is charged in a one count Indictment with possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Defendant's arrest followed a one-day surveillance by the Drug Enforcement Administration, the Philadelphia District Attorney's Office, and the Philadelphia Police Department on the 3900 block of North Reese Street in Philadelphia, Pennsylvania, on May 22,

2006.  (Gov't Mem. of Law in Opp'n 1.)  That surveillance, and defendant's arrest, resulted from information provided to Philadelphia Police Officer Roberto Fontan of the Philadelphia District Attorney's Office's Dangerous Drug Offender Unit by a confidential informant ("CI").  Id.  When he was arrested, defendant was driving a car in which police found a kilogram of cocaine.  Id.

On May 25, 2007, defendant filed a Motion to Suppress Physical Evidence in which he argued that the stop of the vehicle, the search of the vehicle, and his arrest when he was removed from the vehicle, handcuffed, and held at the back of the vehicle during the search, violated the Fourth Amendment.  The Court conducted two hearings on the Motion to Suppress, on June 19, and July 13, 2007.  By Order and Memorandum dated July 26, 2007, the Court denied the motion.

On November 20, 2007, defendant filed a Motion to Compel Discovery in which he sought, *inter alia*, the name and address of the CI who assisted in the investigation leading to defendant's arrest.  Following briefing and oral argument on the Motion to Compel, the Court ordered that defendant serve the Government with interrogatories addressed to the CI and directed the CI and the Government to provide defendant with answers, which they did.  Defendant argued that the answers were unresponsive in substantial part, and the Court agreed.  As a result, the Court ordered the Government either to provide defense counsel with the CI's name and address or to allow defense counsel to interview the CI in the presence of Government counsel.  Pursuant to that Order, any interview was to be conducted outside the presence of the defendant and defense counsel was prohibited from revealing the identity of the CI to his client.

On January 9, 2008, defense counsel interviewed the CI in the presence of Government counsel.  On January 10, 2008, defense counsel filed the Motion to Reopen Suppression Hearing Based Upon After Discovery [sic] Evidence, basing the motion on alleged inconsistencies between

statements made by the CI at the January 9, 2008 interview and the testimony of Officer Fontan at the June 19, 2007 Suppression Hearing.  Because the Motion to Reopen did not set forth any of the alleged inconsistencies, the Court instructed defense counsel to review the transcript of the interview and report back to the Court about the need to file an Amended Motion to Reopen Suppression Hearing Based Upon After Discovery [sic] Evidence, setting forth the details of the alleged inconsistencies.  On April 4, 2008, defense counsel filed the Amended Motion to Suppress Evidence.  Because the Amended Motion to Suppress seeks a reopening of the Suppression Hearing, the Court will treat it as an Amended Motion to Reopen Suppression Hearing Based Upon After Discovery [sic] Evidence.

**II.     APPLICABLE LAW**

"Decisions to reopen proceedings are 'traditionally a discretionary matter for the district court.'"  United States v. Coward, 296 F.3d 176, 180 (3d Cir. 2002) (quoting United States v. Vastola, 915 F.2d 865, 876 (3d Cir. 1990) (internal quotation omitted)).  However, the Third Circuit has cautioned that "'courts should be extremely reluctant to grant reopenings.'"  United States v. Kithcart, 218 F.3d 213, 219 (3d Cir. 2000) (Kithcart II) (quoting United States v. Blankenship, 775 F.2d 735, 740 (6th Cir. 1985)); see also Coward, 296 F.3d at 180.

In Kithcart II and Coward, the Third Circuit identified factors for a district court to consider in determining whether to reopen a proceeding.  In Kithcart II, the court stated that "[w]hen faced with a motion to reopen, the district court's primary focus should be on whether the party opposing reopening would be prejudiced if reopening is permitted."  218 F.3d at 220 (citing Blankenship, 775 F.2d at 740); see also Coward, 296 F.3d at 181.  "A critical factor in evaluating prejudice is the timing of the motion to reopen."  Coward, 296 F.3d at 181.

> [A motion to reopen which] comes at a stage in the proceedings where the opposing
> party will have an opportunity to respond and attempt to rebut the evidence introduced

3

after reopening . . . is not nearly as likely to be prejudicial as when reopening is granted after all parties have rested, or even after the case has been submitted to the jury."

Coward, 296 F.3d at 181 (quoting Blankenship, 775 F.2d at 741).

The Coward court also cited Blankenship for the other factors a district court should consider in deciding whether or not to reopen a proceeding:

In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered.

Coward, 296 F.3d at 181 (quoting Blankenship, 775 F.2d at 741 (internal quotations omitted)).

### III.  DISCUSSION

Defendant seeks to reopen the Suppression Hearing in relation to the validity of the vehicle search based on alleged inconsistencies between the accounts that Officer Fontan and the CI gave of the events of May 22, 2006, the date of defendant's arrest. The Court concludes that although there were inconsistencies between the testimony of Officer Fontan and the statement given by the CI concerning the events of May 22, 2006, under all of the evidence, the inconsistencies are not fatal to the determination of probable cause. The CI corroborated Officer Fontan's Suppression Hearing testimony in all respects material to the Court's ruling that the search of the vehicle driven by defendant on May 22, 2006 was lawful and any discrepancies between the two accounts are irrelevant to the question of probable cause to search. Moreover, the consequences of having the CI testify at a reopened suppression hearing, including the risks of danger to the CI and of a chilling effect on the willingness of individuals to work with law enforcement as confidential informants, caution against reopening the Suppression Hearing. For these reasons, and despite the

fact that the Government would not be prejudiced by the timing of the motion under Coward, the Court denies defendant's Motion to Reopen and Amended Motion.

A.     **Corroboration of Officer Fontan's Testimony**

At the June 19, 2007 Suppression Hearing, Officer Fontan testified about his surveillance work on the 3900 block of Reese Street in Philadelphia on the evening of May 22, 2006. See Tr. 6/19/07 at 28-47. Officer Fontan's testimony focused heavily on his communications with a confidential informant working on the investigation and on the steps he took to corroborate the information provided to him by the CI. Id. The Court relied on this testimony in determining that Officers Dennis Baker and Vincent Coughlin of the Highway Patrol Unit had probable cause to search defendant's vehicle after he was stopped a short distance from the 3900 block of Reese Street on Roosevelt Boulevard. United States v. Dennis, 2007 WL 2173394, at *3, *8-10 (E.D. Pa. July 27, 2007). Specifically, the Court noted in its July 27, 2007 Memorandum that:

> In this case, Officer Fontan learned from the CI that a black male had arrived on the 3900 block of Reese Street in a green Pontiac Grand Prix, license plate number GBB-2187 for the purpose of purchasing a kilogram of cocaine. Tr. 6/19/07 at 30, 42-43. Officer Fontan confirmed that the vehicle was parked on the block. Id. at 30-31. Thereafter, the CI told Officer Fontan that he witnessed the drug transaction and that the buyer, a black male, was about to leave with the kilo of cocaine. Id. at 32, 38. After that telephone call, Officer Fontan confirmed that a black male walked towards and entered the Grand Prix. Id. at 32-33. Officer Fontan communicated this information by radio to Officers Baker and Coughlin. Id. at 32-33, 51-52, 77.

Dennis, 2007 WL 2173394, at *9. This information and the first-hand observations of Officers Baker and Coughlin at the scene of the vehicle stop, taken together, led the Court to conclude that the vehicle search was lawful under the Fourth Amendment and Illinois v. Gates, 462 U.S. 213 (1983). Dennis, 2007 WL 2173304, at *10.

In his interview with defense counsel, the CI confirmed that when vehicles parked on the 3900 block of Reese Street for the purpose of making drug buys on May 22, 2006, he would

attempt to gather information about the vehicle, such as make, model, color, and tag number, and pass that information along to Officer Fontan using a Nextel cellular telephone. (Tr. of Conversation between Attorneys and Confidential Informant on January 9, 2008 at unnumbered page 6-7.)[1] The CI also confirmed that defendant, an African-American male, arrived on the 3900 block of Reese Street in a green Pontiac on the evening of May 22, 2006, for the purpose of purchasing cocaine, and that the CI relayed this information to Officer Fontan. (Ex. B to Def.'s Am. Mot. at unnumbered page 7-15.) Finally, the CI confirmed that he witnessed defendant engage in a drug transaction, put the package of drugs into the vehicle, and get in the car to leave, and that he communicated this information to Officer Fontan using the Nextel phone. (Ex. B to Def.'s Am. Mot. at unnumbered page 9, 11.)

The information provided by the CI at the interview with defense counsel corroborates each of the details in Officer Fontan's testimony upon which the Court relied in determining that probable cause existed to search defendant's vehicle. Having the CI testify to the same effect at a reopened suppression hearing would serve "only to add cumulative evidence" to Officer Fontan's testimony concerning the events material to the Court's determination that the search was valid. United States v. Murphy, 107 F.3d 1199, 1205 (6th Cir. 1997). The Court will not reopen the Suppression Hearing simply to receive such testimony because it would not alter the end result of the Suppression Hearing, nor would it serve the interests of justice or judicial economy. See Coward, 296 F.3d at 181 (internal citation omitted) (instructing district courts to consider, *inter alia*, "the effect of the granting of the motion" in deciding whether or not to reopen a proceeding).

---

[1] The transcript of the conversation between the attorneys in this case and the confidential informant which took place on January 9, 2008, is attached to defendant's Amended Motion to Suppress Evidence. Hereinafter the Court will refer to this transcript as "Exhibit B to Defendant's Amended Motion."

B.   **Immaterial Discrepancies**

In his Amended Motion, defendant argues that the Court should reopen the Suppression Hearing and "ultimately must not credit the testimony of Officer Fontan as truthful as it relates to the informant, the information provided by the informant, or Fontan's alleged personal observations" because of alleged discrepancies between the accounts of the events of May 22, 2006 given by Officer Fontan and the CI.  (Def.'s Am. Mot. at unnumbered page 6.)  Specifically, defendant points out that the CI stated at the January 9 interview that defendant made two trips to the 3900 block of Reese Street on the evening of May 22, 2006, separated by approximately ten to fifteen minutes during which defendant went to get coffee while waiting for the drugs to be delivered to 3937 North Reese Street.  (Def.'s Am. Mot. at unnumbered page 4; Ex. B to Def.'s Am. Mot. at unnumbered page 3, 8.)  The CI also stated that when defendant left Reese Street for the first time, Officer Fontan called him to find out if defendant had drugs in the car.  (Ex. B to Def.'s Am. Mot. at unnumbered page 16.)  In response, the CI informed Officer Fontan that defendant did not have drugs with him at that time.  (Id.)  Officer Fontan did not testify that defendant made two trips to Reese Street, or that he telephoned the CI to find out whether defendant had drugs in the car when he left Reese Street for the first time.

Defendant also argues that while Officer Fontan testified that defendant's green Pontiac was parked across the street from the target location during the drug transaction, the CI stated at the interview that the vehicle was parked across the street the first time defendant came onto the block, but that when defendant returned to carry out the drug transaction, he parked the car on the curb facing the garage at 3937 North Reese Street.  (Def.'s Am. Mot. at unnumbered page 3-5; Ex. B to Def.'s Am. Mot. at unnumbered page 7-8; Tr. 6/19/07 at 40-41.)  Finally, defendant asserts that Officer Fontan did not testify that other individuals arrived at 3937 North Reese Street,

leaving unanswered the way in which the drugs purchased by defendant were delivered to the location. (Def.'s Am. Mot. at unnumbered page 5.) The CI refused to answer questions on that subject. (Ex. B to Def.'s Am. Mot. at unnumbered page 9.)

The discrepancies defendant notes between the accounts of the events of May 22, 2006 given by Officer Fontan and the CI are insufficient to call into question the Court's ruling on the validity of the vehicle search, and thus do not warrant a reopening of the Suppression Hearing. Inconsistencies in testimony which do not involve "material facts for purposes of [the] motion" do not prohibit or vitiate a finding of probable cause in the context of a motion to suppress. United States v. Cook, 2005 WL 1484592, at *6-7 (E.D. Pa. June 22, 2005); see also United States v. Pickford, 252 Fed. App'x 440, 443 (3d Cir. 2007).[2] The primary inconsistency identified between Officer Fontan's testimony and the CI's statement involves the positioning of the green Pontiac on Reese Street at the time of the drug transaction - whether the vehicle was parked across the street from 3937 North Reese Street (Officer Fontan's account) or on the curb facing the garage of that residence (the CI's account). The position of the car, however, is not a material fact for purposes of the Court's probable cause determination. Cook, 2005 WL 1484592, at *6-7. The inconsistent evidence on this point does not undermine the Court's conclusion that Officers Baker and Coughlin had probable cause to search the vehicle because the evidence relied upon by the Court - the CI told Officer Fontan that a black male had arrived on the 3900 block of Reese Street in a green Pontiac for the purpose of purchasing a kilogram of cocaine; Officer Fontan confirmed that the vehicle was parked on the block; the CI witnessed the drug transaction and communicated to Officer Fontan that the transaction had occurred and the buyer, a black male, was about to leave

---

[2] This unpublished opinion is not precedential pursuant to § 5.7 of the Internal Operating Procedures of the Third Circuit, but the Court finds it instructive.

with a kilogram of cocaine; and Officer Fontan then saw a black male approach and enter the Pontiac and radioed that information to Officers Baker and Coughlin, who stopped the vehicle - remain uncontroverted.  Dennis, 2007 WL 2173394, at *9.

The other discrepancies pointed out by defendant in his Amended Motion are similarly irrelevant to the Court's determination that the search of defendant's vehicle was valid.  Neither the fact that defendant left and came back to Reese Street, nor the fact that Officer Fontan did not testify about two trips by defendant to Reese Street, undermines the truth of Officer Fontan's testimony that the CI informed him that a black male, later identified as the defendant, made a purchase of cocaine on the 3900 block of Reese Street on May 22, 2006, and was leaving the premises, and that Officer Fontan then saw a black male, later identified as defendant, enter a green Pontiac and leave.  (Def.'s Am. Mot. at unnumbered page 3-4; Tr. 6/19/07 at 30, 32-33.)  The fact that Officer Fontan did not testify about calling the CI to find out if defendant had drugs with him the first time he left Reese Street or about other individuals arriving at the location likewise does not call into question the material facts upon which the Court based its determination that the vehicle search was valid.  Because these discrepancies pointed out by defendant are not relevant to the probable cause determination made by the Court, a reopening of the Suppression Hearing on this basis is not warranted.  Coward, 296 F.3d at 181.

Finally, defendant alleges that the incident report prepared by Officer Fontan regarding defendant's arrest is inconsistent with his suppression hearing testimony because (1) the report "makes absolutely no mention that he [Officer Fontan] conducted any surveillance whatsoever in this matter"; (2) the report "indicates that an informant provided information about the vehicle and a potential drug purchase, the vehicle was seen traveling in the area, and stopped"; and (3) the report "makes no mention of multiple telephone contacts with any informant."  (Def.'s Am. Mot.

9

at unnumbered page 5.) However, the Government points out that the defense received a copy of Officer Fontan's report "in discovery well before the suppression hearing." (Gov't Mem. of Law in Opp'n at 14.) Defendant does not contest this assertion, nor has defendant provided an explanation for not addressing the alleged discrepancies between the report and the testimony at the Suppression Hearing. As stated by the Third Circuit in Coward, "[t]he party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief." 296 F.3d at 181 (quoting Blankenship, 775 F.2d at 741). In the absence of any explanation from defendant about why he failed to point out this alleged discrepancy at the Suppression Hearing, reopening of the Suppression Hearing on this ground is not warranted. Kithcart II, 218 F.3d at 220-21 (citing United States v. Vastola, 915 F.2d 865 (3d Cir. 1990)). Further, the fact that Officer Fontan's testimony included a more detailed account of the events of May 22, 2006 than the incident report does not render the two accounts inconsistent.

**C.     Consequences of Having Confidential Informant Testify**

Finally, in considering "the effect of the granting of the motion [to reopen]," Coward, 296 F.3d at 181 (internal citation omitted), the Court notes that reopening the Suppression Hearing and requiring the CI to testify at the reopened Hearing involves serious risk to the CI and law enforcement interests. Subjecting the CI to "full and fair cross-examination" at a reopened suppression hearing as suggested by defendant, (Def.'s Am. Mot. at unnumbered page 6), would disclose the CI's identity and pose a serious risk to the CI's safety. Further, disclosing the CI's identity would jeopardize an ongoing investigation involving the CI, end the CI's usefulness in other investigations, and discourage others from entering into similar roles with law enforcement. In light of the seriousness of these risks, and in the absence of a strong countervailing interest weighing in favor of reopening the Suppression Hearing, the Court declines to reopen the hearing.

IV.     **CONCLUSION**

The Court concludes that the CI corroborated Officer Fontan's Suppression Hearing testimony in all respects material to the Court's ruling that the search of the vehicle driven by defendant on May 22, 2006 was lawful. Further, any discrepancies between the two accounts are irrelevant to the question of probable cause to search. Finally, the consequences of having the CI testify at a reopened suppression hearing weigh heavily against reopening the Suppression Hearing.

For the foregoing reasons, the Court denies defendant James H. Dennis, Jr.'s Motion to Reopen Suppression Hearing Based Upon After Discovery [sic] Evidence and defendant's Amended Motion to Suppress Evidence.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**